Arthur Minas

Counsel for the Plaintiff

Minas Law, PC
3620 Pacific Coast Hwy, STE 100
Torrance, CA 90505
Tel: 310-955-1360
Email: arthur@minaslaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAKESH KUNDARAPU<br><br>Plaintiff,<br><br>- against-<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | Case No.:<br><br>COMPLAINT |

**INTRODUCTION**

1. This is an action against the United States Citizenship and Immigration Services to hold unlawful and set aside a Decision of the agency denying Abzooba Inc.'s request to extend the stay of plaintiff Rakesh Kundarapu on the grounds he was supposedly inadmissible to the United States. Inasmuch as the Decision fails to even identify any provision of law rendering Mr. Kundarapu inadmissible, it should be held unlawful and set aside as not in accordance with law and arbitrary and capricious.

1

## BRIEF STATEMENT OF RELEVANT FACTS

2. Abzooba Inc. is a US-based data analytics and big data organization focused on building Artificial Intelligence solutions whose head office is in Milpitas, California.

3. Rakesh Kundarapu is a native and citizen of India lawfully residing in the United States as a nonimmigrant specialty occupation worker under 8 U.S.C. § 1101(a)(15)(H)(i)(B), holding a Master of Science degree in Computer Science and Information Technology Management.

4. The United States Citizenship and Immigration Services (USCIS) is an agency of the U.S. government within the Department of Homeland Security.

5. On November 2, 2022, Abzooba Inc., filed a Form I-129, Petition for a Nonimmigrant Worker, with USCIS seeking to classify Rakesh Kundarapu as a temporary worker in a specialty occupation (H-1B) under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1101(a)(15)(H)(i)(B).

6. The petition was filed with a concurrent request for an extension of Mr. Kundarapu's stay in the United States in H-1B status.

7. Although the petition was approved, the extension of stay was denied on February 6, 2023, because the USCIS's California Service Center Director, based in Laguana Hills, California, issued a Decision finding that Mr. Kundarapu was somehow inadmissible to the United States.

8. Remarkably however, the Decision failed to identify even what section of the Immigration and Nationality Act Mr. Kundarapu was supposedly inadmissible under. Nevertheless, it claimed that

> the beneficiary (Mr. Kundarapu ) is … inadmissible due to the beneficiary's use of proxy interviews to appear more qualified for company positions in addition to the record not including documentary evidence that immediate participation in CPT was valid and was required for the beneficiary's studies as the beneficiary claimed in his I-129 H1B Cap and change of status petition.

9. The Decision did not identify any provision of law which these facts rendered Mr. Kundarapu inadmissible under, nor is any apparent.

## STATEMENT OF RELEVANT LAW

10. 5. U.S.C. § 706 provides in relevant part that:

> To the extent necessary to Decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an <u>agency action</u>. The reviewing court shall—
> **(1)**
> compel <u>agency action</u> unlawfully withheld or unreasonably delayed; and
> **(2)** hold unlawful and set aside <u>agency action</u>, findings, and conclusions found to be—
> **(A)**
> arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

## JURISDICTION

11. This being a civil action against the United States arising under the Administrative Procedure Act, 5 U.S.C. §701 et seq., a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. §1331.

## VENUE

12. Venue is proper in this Court inasmuch as a substantial part of the events or omissions giving rise to the claim occurred at the USCIS's California Service Center, located in Laguana Nigel, California, which is within this judicial district.

## CAUSES OF ACTION

## COUNT I
## THE DECISION WAS UNLAWFUL AND SHOULD BE SET ASIDE

13. Neither 8 U.S.C. § 1182(a), nor any other provision of law, renders a noncitizen inadmissible to the United States due to his use of proxy interviews to appear more qualified for company positions.

14. Neither does 8 U.S.C. § 1182(a), nor any other provision of law, render a noncitizen inadmissible if "the record not including documentary evidence that immediate participation in CPT was valid and was required for the beneficiary's studies as the beneficiary claimed in his I-129 H-1B Cap and change of status petition." Decision at 2.

15. Therefore, the Decision is not in accordance with law.

16. Further, when an agency has "failed to provide even [a] minimal level of analysis" such that its "path may reasonably be discerned," its "action is arbitrary and capricious and so cannot carry the force of law." *Id.* (quotations and citations omitted)." *Pediatric & Family Med. Found. v. Becerra*, No. 20-55517, 2021 U.S. App. LEXIS 26236, at *4, 2021 WL 3878647 (9th Cir. Aug. 31,

2021), quoting *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 136 S.Ct. 2117, 2127 (2016).

17. For the reasons stated above, the Decision has failed to provide even a minimal level of analysis such that its path may reasonably be discerned.

18. Therefore, the Decision was arbitrary and capricious.

WHEREFORE The Decision should be held unlawful and set aside as not in accordance with law and arbitrary and capricious.

## COUNT II
## TO COMPEL AGENCY ACTION UNLAWFULLY WITHHELD

19. The USCIS, by unlawfully denying Mr. Kundarapu's application for extension of stay, has unlawfully withheld and/or unreasonably delayed a lawful decision on the merits of that application.

WHEREFORE the Court should order USCIS to issue a new decision within 30 days of its Order setting the instant one aside.

Respectfully Submitted this 18th day of September, 2023.


 /s/ Arthur Minas
   Counsel for the Plaintiff
   Minas Law, PC
   3620 Pacific Coast Hwy, Ste 100
   Torrance, CA 90505
   Tel: 310-955-1360
   Email: arthur@minaslaw.com